KENNON, Judge.
On June 4, 1948, L. L. Dunn, engaged in the hauling and drayage business in the Town of Winnfield, Louisiana, was employed by plaintiff, H. L. Black, to move his household goods from his home in Winn Parish, Louisiana, to Atlanta, Texas. While en route, some ten miles from Shreveport, Louisiana, the truck owned by Dunn and then being driven by his employee and brother, caught fire from some cause unknown. The damage to plaintiff’s goods was estimated from $800.00 to over $2,000.00. Plaintiff, alleging that the Continental Insurance Company had issued a policy of insurance to Dunn covering his liability for damage to the goods while in transit, filed this suit against Dunn and the insurance company to recover the value of the goods damaged.
The defendant insurance company answered, admitting that Dunn was engaged in the drayage business in the Town of Winnfield, and that it had issued a policy of motor cargo insurance covering a 1941 model Ford truck which was used by Dunn as a common carrier. Defendant further admitted the destruction of plaintiff’s household goods, but averred that same were being transported in a 1945 model Ford truck which was not covered by insurance with the defendant company.
The answer further set forth that the defendant Dunn had the privilege, under the terms of the policy of insurance, of substituting another truck for the truck covered by the policy, provided he did, as *626 soon as practicable, report such substitution in writing and pay the additional premiums due, and that on the date of the loss, no such substitution had been made and consequently the defendant company was not liable under its policy.
In the alternative, and in the event the Court should determine that a valid substitution had been made, defendant contended that Dunn had no permit as a common carrier beyond the seven mile radius of the Town of Winnfield and, therefore, no liability would exist under the policy of insurance since same contained a clause excluding loss or damage as the result of any act of illegal transportation. In the further alternative, defendant set forth that the value of the goods 'being transported at the time was three times the amount covered under the policy and that its liability, under the coinsurance clause, would be limited to one-third of the loss sustained.
No answer was filed by defendant Dunn, nor was any default taken. After trial, the District Court rejected plaintiff’s demands, finding that his household goods were being transported on a truck not covered by the policy, and denying plaintiff’s contention that a valid substitution had been made on the theory that the goods .when destroyed were being hauled on a trailer float attached to a 1945 truck and that there could be no substitution of such a combination vehicle for the stake body truck covered by the policy. Plaintiff appealed.
There is no contest over the fact that the policy issued by the Continental Insurance Company covered a 1941 model Ford truck and that plaintiff’s goods át the time of the fire were being transported on a 1945 model Ford truck (with float or trailer), which was not mentioned in the insurance policy itself. Plaintiff’s contention is that the Toss was covered by virtue of the policy provision set forth below: “Substitution — Privilege is hereby granted the Assured to substitute other truck or trucks owned and/or operated by the Assured for the truck or trucks herein described; and in consideration thereof the Assured warrants and' agrees to report to th£ Company, in writing, all cases of such substitution, as soon as practicable,- and to pay additional premium if and as required.”
The record discloses that the defendant Dunn had been in the hauling business for many years. At the time of the loss, he owned and operated three dump trucks, the 1941 model Ford stake body truck, and the 1945 model Ford truck with the trailer float. Plaintiff contends that the 1941 Ford truck (covered by the policy) was in the garage undergoing repairs on the day his household goods were damaged while being transported on Dunn’s 1945 Ford truck. Defendant’s contention is that both trucks were in operation on the day in question and that, in any event, no valid substitution was made. The defendant insurance company’s Winnfield agent testified that defendant Dunn had told her that his 1941 truck, on the day of the loss, was “on another run.” In support of his contention, plaintiff introduced testimony and shop tickets showing that the 1941 truck was in the repair shop at Winnfield on the date in question. Defendant’s agent testified that no notice of substitution of another truck under the policy had been given to her covering the trip on the day of the loss or for any other trip or day. Plaintiff himself did not introduce any testimony that the assured, Dunn, had complied with the substitution clause of the policjr by giving a report of such substitution either “as soon as practicable” or “in writing.” Such report as was belatedly given was not in writing as required by the policy. Defendant Dunn, when asked as to whether the truck involved in the fire had been “substituted” for the 1941 truck, gave the following testimony:
“A. Well, I don’t remember for sure whether I told her I substituted it then or not. I don’t know for sure.
“Q. Did you ever report it to her? A. Yes, I told her afterward.
“Q. A good while after? A. It might have been a week or so.”
Since the policy of insurance did not cover the truck upon which plaintiff’s goods were being transported at the time of the loss, the burden was upon plaintiff to *627 establish by a preponderance of the evidence the facts that would extend the substitution coverage of the policy to Dunn’s second truck. The testimony does not show any difference in the normal use of the two trucks. As far as the record shows, both were owned by Dunn and both were used by him in the conduct of his business. Should we assume that the 1941 truck was undergoing repairs on the day in question, and the 1945 truck was used in its place, we find that the record fails to establish that the named assured had complied with the “substitution” clause in the policy, which required that in cases of substitution, a report of same be made to the company as soon as practicable and in writing.
Since we find that there had been no “substitution” of the truck being used in the transport of plaintiff’s goods for the truck covered by the policy issued by the defendant company, we find it unnecessary to pass upon the other defenses raised.
The judgment appealed from is affirmed, with costs.