WILLIAM A. GRAHAM v. IOWA NATIONAL MUTUAL INSURANCE
COMPANY.

(Filed 4 June, 1954.)

**Insurance § 43b—**

> Under the Motor Vehicle Safety and Financial Responsibility Act of
> 1947, where an insurance company issues, in accordance with the applica-
> tion, an owner's policy of liability insurance upon an assigned risk covering
> only one of the two vehicles owned by insured, the insurer is not liable for
> a loss established by judgment against the insured for damages caused
> during insured's operation of the other vehicle owned by him. G.S. 20-276;
> G.S. 20-252 (a) ; G.S. 20-252 (b). This result is not affected by the failure
> of the Department of Motor Vehicles to cancel the registration of the
> automobile involved in the accident.

APPEAL by plaintiff from *Carr, J.,* at November Term, 1953, of
DURHAM.

Civil action in which injured third person, whose claim against insured
for negligent injury has been reduced to judgment in prior action, sues
insurance company upon an owner's policy of liability insurance issued
under the Motor Vehicles Safety and Financial Responsibility Act of
1947. Chapter 1006 of the 1947 Session Laws and Amendatory Acts, as
codified in Article 9 of Chapter 20 of Recompiled Volume 1C of the
General Statutes.

For ease of narration, William A. Graham is called the plaintiff, Britt
A. Davis is designated as Davis, and Iowa National Mutual Insurance
Company is referred to as the defendant.

The matters necessary to an understanding of the legal question arising on this appeal are stated in the numbered paragraphs set forth below.

1. The events involved in this action occurred before 1 January, 1954, and for that reason are governed by the Motor Vehicle Safety and Financial Responsibility Act of 1947. G.S. 20-279.35.

2. Davis, whose operator's license had been revoked under the provisions of the Uniform Driver's License Act, owned two motor vehicles, namely, a 1940 Buick car, and a 1947 Ford truck. The Department of Motor Vehicles permitted both of these vehicles to be registered in the name of Davis at all the times herein mentioned.

3. Davis undertook to give proof of his financial responsibility under the provisions of the Motor Vehicle Safety and Financial Responsibility Act of 1947 as a condition precedent to having an operator's license issued to him again. Being unable to obtain a motor vehicle liability insurance policy through ordinary methods, he made application under G.S. 20-276 to have his risk assigned to an appropriate insurance carrier, and his risk was assigned to the defendant, an insurance carrier engaged in writing motor vehicle liability insurance in this State. The transcript of the record does not disclose the contents of Davis' application. It appears by implication, however, that Davis applied for an owner's policy of liability insurance covering the 1940 Buick car only.

4. The defendant issued to Davis an owner's policy of liability insurance, which insured Davis against loss within specified limits from any liability imposed by law for damages because of bodily injury to any person, and damage to property caused by accident and arising out of the ownership, use or operation of an explicitly described motor vehicle, to wit, the 1940 Buick car belonging to Davis. The specified limits of liability were consistent with those prescribed by the Motor Vehicle Safety and Financial Responsibility Act of 1947. The written certificate of the defendant certifying to the issuance of the liability policy on the 1940 Buick car was forthwith filed with the Department of Motor Vehicles, which thereupon reissued to Davis his operator's license.

5. While the liability policy mentioned in the preceding paragraph was in force, Davis undertook to drive his 1947 Ford truck along a public street of the City of Durham. In so doing, Davis negligently struck an automobile owned and operated by the plaintiff, inflicting upon the plaintiff both bodily injury and property damage.

6. Subsequent to the collision, the plaintiff recovered judgment against Davis in an action in the Superior Court of Durham County for $1,500.00 as damages for his bodily injury and property damage. Execution was issued on the judgment, and returned unsatisfied.

7. The defendant did not defend the plaintiff's suit against Davis. After the execution was returned unsatisfied, the plaintiff asserted that

the policy mentioned in paragraph 4 obligated the defendant to pay the judgment, and made demand on the defendant accordingly. The defendant refused to comply with this demand on the ground that the liability policy did not cover the 1947 Ford truck, and for that reason did not obligate it to pay for injuries caused by the operation of that vehicle by Davis.

8. Subsequent to all of these events, the plaintiff brought this action against the defendant to subject the liability policy in question to the satisfaction of his judgment against Davis.

9. The action came on to be heard before Judge Leo Carr at the November Term, 1953, of the Superior Court of Durham County. The parties waived trial by jury, and submitted the issues of fact to Judge Carr, who heard the evidence and made findings of fact accordant with the matters stated in the preceding paragraphs. Judge Carr concluded as matter of law that the liability policy in suit did not obligate the defendant to satisfy the plaintiff's judgment against Davis, and entered judgment accordingly. The plaintiff excepted and appealed, assigning the conclusion of law and the resultant judgment as error.

*Edwards, Sanders & Everett for plaintiff.*
*Jordan & Wright and Perry C. Henson for defendant.*

ERVIN, J.    The plaintiff advances this argument to support his contention that the liability policy obligates the defendant to satisfy his judgment against Davis:

1. The Motor Vehicle Safety and Financial Responsibility Act of 1947 required an insurance carrier issuing an owner's policy of liability insurance upon an assigned risk to include within the coverage of the policy all motor vehicles owned by the insured and registered in his name.

2. When it issued the liability policy upon the 1940 Buick car only, the defendant issued an owner's policy of liability insurance upon an assigned risk. This being so, the statutory requirement entered into and formed a part of the liability policy to the same extent as if it were actually written in it, and extended the coverage of the liability policy to the 1947 Ford truck, which was owned by Davis and registered in his name.

3. Since the liability policy covered the 1947 Ford truck, it obligates the defendant to satisfy the judgment based on the negligent operation of that vehicle by Davis.

This argument lacks validity because its major premise is untenable.

The Motor Vehicle Safety and Financial Responsibility Act of 1947 was analyzed in detail in *Howell v. Indemnity Co.,* 237 N.C. 227, 74 S.E. 2d 610, and *Russell v. Casualty Co.,* 237 N.C. 220, 74 S.E. 2d 615. It was

pointed out in the *Howell case* that the Act fell short of its avowed purpose "to require financial responsibility of reckless, inefficient and irresponsible operators of motor vehicles . . . involved in accidents." Legislative recognition of the accuracy of that observation may have prompted the enactment of the Motor Vehicle Safety and Financial Responsibility Act of 1953.

The Motor Vehicle Safety and Financial Responsibility Act of 1947 did not require an insurance carrier issuing an owner's policy of liability insurance upon an assumed risk to ferret out and include within the coverage of the policy all motor vehicles owned by the insured and registered in his name, irrespective of the omission of some of them from the insured's application for the insurance, and irrespective of the insured's ability or willingness to pay premiums upon all of them.

The Act specified that it was not obligatory for an insurance carrier to grant any insurance whatever upon a risk assigned to it until it had received "payment of a proper premium." G.S. 20-276. It put upon the insured responsibility for determining which of his motor vehicles should be covered by the owner's policy of liability insurance by providing for the cancellation of the registration of the motor vehicles not so covered. G.S. 20-252 (b). It declared by inescapable implication that an owner's policy of liability insurance issued under the provisions of the assigned risk plan should restrict its coverage to the motor vehicle or vehicles designated in the insured's application to the assigning agency to have his risk assigned to an appropriate carrier, and the assigning agency's directive assigning the insured's risk to the issuing carrier. G.S. 20-276.

When all is said, the Act simply imposed upon an insurance carrier issuing an owner's policy of liability insurance upon an assigned risk this twofold obligation: First, to issue to the insured a policy meeting the requirements of subdivision (2) of G.S. 20-227, and designating "by explicit description, or by appropriate reference, *all motor vehicles with respect to which coverage is intended to be granted*"; and, second, to issue a written certificate giving the effective date of the policy and designating "by explicit description or by appropriate reference *all motor vehicles covered.*" G.S. 20-252 (a).

The Act required the written certificate of the issuing carrier to be filed with the Department of Motor Vehicles so that the Department could reissue an operator's license to the insured and cancel the registration of such of the insured's motor vehicles as were not covered by the policy of liability insurance. G.S. 20-252.

What has been said makes it evident that the defendant performed its obligations under the Motor Vehicle Safety and Financial Responsibility Act of 1947 when it issued to Davis an owner's policy of liability insurance covering the 1940 Buick car only. The validity of this conclusion

is not impaired in any way by the failure of the Department of Motor Vehicles to cancel the registration of the 1947 Ford truck.

For the reasons given, the judgment is

Affirmed.