**A. V. SANDERS, Administrator of James Leverne Sanders,**

v.

**TRAVELERS INDEMNITY COMPANY.**

**Civ. Nos. 311, 312–R.**

United States District Court
M. D. North Carolina,
Rockingham Division.
Sept. 20, 1956.

Coble Funderburk, Monroe, N. C., for plaintiff.

Varser, McIntyre & Henry, McLean & Stacy, Lumberton, N. C., for defendant.

HAYES, District Judge.

This is an action to recover of defendant $5000 on a liability insurance policy issued by defendant in favor of Alford Chavis as an assigned risk under the North Carolina Compulsory Financial Responsibility Act. Chapter 1006, Public Laws of North Carolina, 1947. Plain-

tiff secured a judgment by default against the insured, Chavis; later he, through this defendant's attorneys, filed a motion to set the judgment aside for excusable neglect. The motion was denied by the trial judge which was affirmed by the Supreme Court of North Carolina, Sanders v. Chavis, 243 N.C. 380, 90 S.E.2d 749.

It was agreed that a similar action by A. V. Sanders, Administrator of Albert Rufus Sanders, deceased, would abide the result of the first case. The same agreement exists in this court.

In each case this defendant had notice that the specific car owned by Chavis and covered by its policy was involved in an accident while occupied by Chavis and the two men who were killed in the accident. The defendant was invited by the attorney for each plaintiff to discuss a settlement before suit was actually instituted. Defendant sent its representatives but the conference disclosed the impossibility of a settlement and that plaintiffs would institute actions to recover in the next few days as soon as the necessary papers could be prepared. Accordingly the actions were started in Hoke County and process duly served on Chavis but he appears not to have notified the defendant of it and he failed to answer or plead and default was entered and inquiry before a jury was heard in the Superior Court and a final judgment entered after the trial.

It is admitted that the insurance here was written as an assigned risk for which the defendant collected an increased premium, and was in force at the time of accident; that the policy covered the specific car involved in the accident resulting in the death of the two men; that final judgment against Chavis was obtained by each plaintiff for a sum in excess of $5000, and is unpaid.

The defendant pleaded two defenses in each case: failure to give written notice of the accident and failure to give notice of the suit by forwarding to the Company of every paper or process received by the insured. Plaintiff has moved to strike the defenses and for summary judgment.

The validity of the defenses depends upon the terms of the policy and the pertinent provisions of the North Carolina Act, supra. The Act has been analyzed in Howell v. Travelers Indemnity Co., 237 N.C. 227, 74 S.E.2d 610, and Russell v. Lumbermen's Mutual Casualty Co., 237 N.C. 220, 74 S.E.2d 615, and Graham v. Iowa National Insurance Co., 240 N.C. 458, 82 S.E.2d 381. In the Howell case the owner's policy did not cover the car involved in the accident; in the Russell case the policy was an operator's policy and did not apply in a case where he owned but did not operate the vehicle and was not present or directing the operation. The Graham policy was an owner's policy specifically describing a 1940 Buick which was not involved but his 1947 Ford truck, not covered by the policy, was involved. While these cases are not factually the same as the instant cases, they do recognize that a policy insuring the owner against a loss under the assigned risk is valid if a specific vehicle is described and that the provisions of the statute do apply, whether written in the policy or not.

The policy here incorporates by reference the Act above and clearly recognizes its duty to comply accordingly. It specifically provides that it is in compliance with the provisions of the Motor Vehicle financial responsibility Act of (North Carolina) with respect to any such liability arising out of the ownership, maintenance or use of the named automobile during the policy period.

The insurer agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages sustained by any person caused by accident and arising out of the ownership, maintenance or use of the named automobile, including the obligation to defend any suit against the insured, alleging injury, even if groundless but reserved the right to negotiate and settle any claim or suit as it deemed expedient; to pay costs taxed against the insured and all interest accruing after entry of

judgment. No action against insured will lie until the insured's obligation to pay shall have been finally determined by judgment against the insured after actual trial and thereafter such person shall be entitled to recover under the policy to the extent of the insurance afforded thereby, namely a limit of $5,000 for the wrongful death of one person or $10,000 for the wrongful death of two or more persons.

Section 4, subd. 5 of the Act enumerates several paragraphs which need not be contained in the policy, those pertinent here being (a), (d) and (f):

"(a) The liability of any insurance carrier to the insured under a policy becomes absolute when loss or damage covered by the policy occurs, and the satisfaction by the insured of a judgment for loss or damage shall not be a condition precedent to the right or duty of the carrier to make payment on account of the loss or damage;"

"(d) Upon the recovery of a judgment against any person for loss or damage if the person or the decedent he represents was at the accrual of the cause of action insured against the liability under the policy, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment;"

"(f) No statement made by the insured or on his behalf, and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limits provided in this Act."

It is manifest that subsequent violations of the terms of the policy by the insured cannot operate to defeat or avoid the policy so as to bar recovery within the limits provided in the Act. It follows that the defenses are invalid and the motion to strike is granted. Royal Indemnity Co. v. Olmstead, 9 Cir., 193 F.2d 451, 31 A.L.R.2d 635.

Since every essential fact is established entitling plaintiff the relief sought and the asserted defenses are invalid and stricken, the plaintiff in each case is entitled to a judgment in the sum of $5,000, with interest thereon from the date of the judgment, to wit, Nov. 19, 1954, together with the costs to be taxed. It is unnecessary to cite authority to sustain the validity of the Act. Similar legislation has been declared Constitutional in California State Auto Association, etc. v. Maloney, 341 U.S. 105, 71 S.Ct. 601, 95 L.Ed. 788.