ELIHU MILLER v. NEW AMSTERDAM CASUALTY COMPANY.

(Filed 27 February, 1957.)

1. **Insurance § 43a—**

The Motor Vehicle Safety and Financial Responsibility Act of 1953 has no application to the rights and liabilities of the parties arising out of a collision occurring prior to 1 January 1954, G.S. 20-279.35, the Act of 1947 being applicable thereto.

2. **Insurance § 43b—**

An assigned risk policy of automobile insurance specifying the vehicle covered by the policy does not cover another vehicle owned by insured in the absence of a provision in the policy for extension of coverage or approval by insurer of a change in the vehicle covered. Motor Vehicle Safety and Financial Responsibility Act of 1947; G.S. 20-227(2)(a).

3. **Same—Assigned risk policy held not to cover vehicle other than the one specified in the policy.**

Where an assigned risk policy of automobile liability insurance provides for the payment of additional premium for application of the policy to a

newly acquired vehicle, and insurer, upon notification that insured had traded in the vehicle covered for another, advised insured that it would issue endorsement covering the second vehicle upon payment of additional premium in a stipulated amount, and there is no evidence that the additional premium was ever paid or the endorsement issued, *held*, under the Motor Vehicle Safety and Financial Responsibility Act of 1947, G.S. 20-227(2)(a), the policy does not cover loss inflicted in the operation of the second vehicle, nor is insurer estopped from denying liability by reason of its failure to return the unearned premium on the original policy or its failure to cancel it.

**4. Estoppel § 11a: Waiver § 4—**

Waiver or estoppel, or facts constituting the basis thereof, must be pleaded.

**5. Waiver § 2: Estoppel § 6a—**

There can be no waiver unless intended by the one party and so understood by the other, and no estoppel unless one party has been misled to his prejudice by the other.

**6. Insurance § 43b—**

The registration of a vehicle by the Department of Motor Vehicles in violation of G.S. 20-252(b) cannot have the effect of enlarging the coverage of an assigned risk policy of liability insurance beyond its express terms.

**7. Insurance § 43a—**

The requirement of the Motor Vehicle Safety and Financial Responsibility Act that the statute be liberally construed, G.S. 20-225, cannot be invoked to permit recovery under a policy beyond the express limitation of coverage stipulated in the policy contract.

APPEAL by defendant from *Huskins, J.,* February Term 1956 of CALDWELL.

Civil action by plaintiff against an automobile liability insurer to subject an assigned risk policy issued to Willard W. Walker under the provisions of the Motor Vehicle Safety and Financial Responsibility Act of 1947, Ch. 1006 of 1947 Session Laws, to the satisfaction of a judgment for personal injuries recovered by the plaintiff against Clara Oakes Wilson Smith, who was allegedly driving a 1951 Ford pick-up truck covered by the policy with the permission, express or implied, of Willard W. Walker.

The following issues were submitted to the jury, and answered as appears:

"1. Does the policy of insurance issued by defendant to Willard Walker (being Defendant's Policy No. LA 512462) cover the 1951 Ford Pick-up Truck (Motor No. FI-RIBF-14322) which was involved in the collision when plaintiff was injured on February 13, 1952? Answer: Yes.

"2. If so, was Clara Oakes Wilson at the time of said collision using said 1951 Ford Pick-up Truck with the permission, express or implied, of Willard Walker? Answer: YES.

"3. What amount, if any, is plaintiff entitled to recover of defendant? Answer: $5,500.00 with interest from 28 May 1953."

From a judgment in accord with the verdict, defendant appeals.

*James C. Farthing and Fate J. Beal for Plaintiff, Appellee.*
*Townsend & Todd for Defendant, Appellant.*

PARKER, J.　Defendant's assignment of error as to the refusal of the court to grant its motion for judgment of nonsuit, made at the close of plaintiff's evidence—the defendant offered none—, requires the statement of a summary of plaintiff's evidence necessary to an understanding of the legal questions arising on the appeal.

Plaintiff offered in evidence a judgment rendered at the May Term 1953 of the Superior Court of Caldwell County in the case of Elihu Miller (the plaintiff here) *v.* Willard Walker and Clara Oakes Wilson. The issues submitted to the jury were set forth in the judgment, and show that the jury found for its verdict that plaintiff was injured by the negligence of the defendant Clara Oakes Wilson, as alleged, that plaintiff was free from contributory negligence, that Clara Oakes Wilson at the time of the accident and damage to plaintiff was not acting within the scope of her employment and in furtherance of the business of the defendant Willard Walker, that plaintiff is entitled to recover damages in the amount of $5,500.00 from the defendant Clara Oakes Wilson. The judgment adjudges and decrees that plaintiff recover from the defendant Clara Oakes Wilson Smith the sum of $5,500.00 with interest, and that plaintiff take nothing from the defendant Willard Walker. It is to be noted that the judgment refers to the *feme* defendant five times as Clara Oakes Wilson and once as Clara Oakes Wilson Smith. The complaint in the instant case calls her by both names. It is evident that both names refer to the same person. There is nothing in the Record and Briefs to the contrary.

It was stipulated by the parties that execution in the case of Elihu Miller *v.* Clara Oakes Wilson was duly issued, and returned by the sheriff on 5 July 1955 with the return, "No property found to levy on."

Plaintiff alleges "that on or about February 13, 1952 this plaintiff was seriously injured in an automobile collision with a truck owned by Willard W. Walker, and being driven at the time of said collision by one Clara Oakes Wilson Smith with the express permission of the said Willard Walker" . . . and "that on the 13th day of February 1952 the

said Willard W. Walker had an assigned risk automobile policy with the defendant covering the truck being driven by the said Clara Oakes Wilson Smith; that said policy bore the number LA 512462, and was in full force and effect on the 13th day of February 1952, the date the plaintiff herein was seriously injured and his property damaged." The defendant in its answer denied these allegations, with the exception that it admitted plaintiff was injured in an automobile collision. Plaintiff offered evidence to the effect that he was injured on 13 February 1952 in a collision with a 1951 Ford Pick-up Truck owned by Willard W. Walker and driven by Clara Oakes Wilson Smith.

Plaintiff filed an amendment to his complaint alleging that the defendant was notified of the injuries to Elihu Miller and had due opportunity to defend the suit instituted by plaintiff against Clara Oakes Wilson Smith and Willard W. Walker, but defendant denied that its policy covered the vehicle in question, and would not defend the action. The defendant in an amendment to its answer admitted this allegation to be true.

Plaintiff offered other evidence as follows: Lenoir Insurance Agency on 29 May 1951 wrote and mailed the following letter to the defendant: "Re: LA 295865 Willard W. Walker (N. C. Assigned Risk) Route #5, Lenoir, North Carolina. We enclose herewith Cashier's Check in the amount of $53.48, which represents payment for the renewal of the above mentioned liability policy. Please issue the renewal policy in accordance with your letter of April 5th, and make the necessary filings with the North Carolina Department of Motor Vehicles." This Insurance Agency received from the defendant a copy of a letter it sent to Willard W. Walker dated 8 June 1951 reading: "Re: LA 512462— Assigned Risk. We acknowledge receipt of payment in the amount of $53.48, for the above captioned policy. We enclose policy herewith and trust you will find it entirely satisfactory." On 11 June 1951 this Insurance Agency wrote and mailed to the defendant the following letter: "Re: Policy LA 512462 Willard W. Walker (N. C. Assigned Risk), Route #5, Lenoir, North Carolina. Gentlemen: We have been notified by the above insured that the 1940 Ford Coupe, Motor # 18-5575141, has been traded for the following described unit: 1951 Ford Pick-up Truck, Motor #FI-RIBF-14322. Please issue an endorsement showing this change." Plaintiff offered in evidence a motor vehicle registration certificate for a 1951 Ford Pick-up Truck #FI-RIBF-14322 issued to Willard W. Walker, Lenoir, North Carolina, as owner, by the North Carolina Department of Motor Vehicles.

On 12 June 1951 defendant wrote and mailed a letter to Willard W. Walker, and sent a copy of it to the Insurance Agency, reading: "Re: LA 512462—Assigned Risk. We have received a request from your agent to change the 1940 Ford to a 1951 Ford Pick-up Truck. The

additional premium will be $17.26. Please send us certified check or postal money order in this amount and we will issue the endorsement and notify the Bureau." This letter also contains the following: "CC: Lenoir Insurance Agency, Lenoir, North Carolina. CC. N. C. Automobile Assigned Risk Plan, Raleigh Building, Raleigh, North Carolina." On 23 February 1952 the Insurance Agency wrote and mailed a letter to the defendant with the same reference to the assigned risk policy by number and to Willard W. Walker as in its letter to it of 11 June 1951, and in this letter informed the defendant the insured was involved in an accident on Highway #321, north of Lenoir, on 13 February 1952, and suggested that it assign an adjuster to investigate.

In the complaint in the instant case and in the evidence Walker is referred to as Willard W. Walker. In the judgment introduced in evidence he is referred to as Willard Walker. It is plain that both names refer to the same man.

During the presentation of plaintiff's evidence the defendant admitted "that Willard W. Walker was an assigned risk and had been assigned to the New Amsterdam Casualty Company (the defendant here) under the Assigned Risk Plan in force in North Carolina on and after the 2nd day of June 1950."

The Assigned Risk Automobile Liability Policy No. LA 512462 issued to Willard W. Walker by the defendant was in place of a former Policy No. 295865 issued to him as an assigned risk. Plaintiff introduced in evidence the Policy No. LA 512462, whose Policy Period was from 20 June 1951 to 20 June 1952—12:01 a.m. The description of the automobile in the policy was a 1940 Ford Coupe 18-5575141. The total premium was $53.48. This policy has attached to it an automobile transfer of insurance endorsement, which states that insurance under this policy to which this endorsement is attached is extended to a 1950 Ford Tudor Sedan, effective 12:01 a.m., 13 March 1952, and that insurance as provided by the policy to which this endorsement is attached was cancelled on a 1940 Ford Coupe 18-5575141, effective 12:01 a.m., 13 March 1952.

Plaintiff offered in evidence the record of the assigned risk automobile liability insurance of Willard W. Walker filed with the Safety Division of the Motor Vehicle Department. This record shows that the defendant issued to Willard W. Walker as insured an Assigned Risk Automobile Liability Policy No. LA 512462, describing the automobile as a 1940 Ford Coupe 18-5575141. That this policy was in force from 20 June 1951 to 20 June 1952—12:01 a.m., and that defendant never made any request to the Department of Motor Vehicles to cancel or terminate the policy. W. C. Poe, one of the custodians of the records of the Safety Division of the Motor Vehicle Department testified: "On June 20, 1951, the 1940 Ford Coupe was insured by New Amsterdam

Casualty Company (defendant here). Yes, on March 13, 1952, that policy was changed from the 1940 Ford to a 1950 Ford two-door Sedan. I have no record of any 1951 Pick-up Truck insured."

A Motor Vehicle Liability Policy, issued under the Motor Vehicle Safety and Financial Responsibility Act of 1947 in force in 1952—The Motor Vehicle Safety and Financial Responsibility Act of 1953, Ch. 1300 of 1953 Session Laws, has no application to the collision in the instant case on 13 February 1952—may be either an owner's policy of liability insurance conforming to subdivision (2) of G.S. 20-227, in force in 1952, or an operator's policy of liability insurance arising out of the use by him of any motor vehicle not owned by him satisfying subdivision (3) of G.S. 20-227, in force in 1952. *Russell v. Casualty Co.*, 237 N.C. 220, 74 S.E. 2d 615. The Motor Vehicle Safety and Financial Responsibility Act of 1953, as set forth in G.S. 20-279.35, provides that the Motor Vehicle Safety and Financial Responsibility Act of 1947 remains in full force and effect with respect to any accident or violation of the motor vehicle laws of this State occurring prior to 1 January 1954, or with respect to any judgment arising from such accident or violation. Defendant issued to Willard W. Walker an owner's policy of liability insurance. G.S. 20-227 provides subdivision (2): "Every owner's policy shall—(a) Designate by explicit description, or by appropriate reference, all motor vehicles with respect to which coverage is intended to be granted." G.S. 20-252—in force in 1952—provides that proof of financial responsibility may be made by filing with the Commissioner of Motor Vehicles a written certificate of an insurance carrier, authorized to do business in this State, certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility, and this certificate "unless the policy is issued to a person who is not the owner of a motor vehicle, must designate by explicit description or by appropriate reference all motor vehicles covered." G.S. 20-252(b) reads: "No motor vehicle shall be, or continue to be, registered in the name of any person required to file proof of financial responsibility, unless it is so designated in the certificate."

The Assigned Risk Automobile Liability Policy No. LA 512462, when issued to Walker, covered by explicit description a particular motor vehicle—a 1940 Ford Coupe 18-5575141. This policy under the Title, Insuring Agreements IV(a), has this provision: "AUTOMOBILE. Except where stated to the contrary, the word 'automobile' means: (1) DESCRIBED AUTOMOBILE—the motor vehicle or trailer described in this policy." The Policy's Insuring Agreements IV(4) has this provision for the extension of insurance coverage to a Newly Acquired Automobile: "Newly Acquired Automobile—an automobile, ownership of

which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the company insures all automobiles owned by the named insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

The policy states that the Insuring Agreements with the insured are made "in consideration of the payment of the premium."

It is well settled law that "in the absence of a provision for the extension of coverage of an automobile liability policy to an automobile other than those described in the policy, or of specific approval of the change, the insurer does not cover the insured's liability resulting from the use of such other automobiles." 5A Am. Jur., Automobile Insurance, p. 81. To the same effect Annotation 34 A.L.R. 2d 938.

*Howell v. Indemnity Co.*, 237 N.C. 227, 74 S.E. 2d 610, was an action in which an injured third person, whose claim against insured for negligent injury had been reduced to judgment, sued an insurance company upon an owner's motor vehicle liability policy issued under the North Carolina Motor Vehicle Safety and Financial Responsibility Act of 1947. The Court said: "An insurance company cannot be held liable upon a policy of insurance beyond the limits of coverage specified in it, if the limits of coverage are consistent with the statute under which the policy is issued."

There is no contention by plaintiff that Policy LA 512462 did not comply with the terms and conditions of the Motor Vehicle and Financial Responsibility Act of 1947, or that Walker on the policy's delivery date owned any automobile, except the insured 1940 Ford Coupe.

Willard W. Walker was charged with notice of the terms of his policy, and among them, was the one that obligated him to pay any additional premium required because of the application of the insurance to a newly acquired automobile. *Moore v. Accident Assurance Corp.*, 173 N.C. 532, 92 S.E. 362. On 12 June 1951 the defendant wrote and mailed Willard W. Walker a letter referring to Policy LA 512462, and saying we have received a request from your agent to change the 1940 Ford to a 1951 Ford Pick-up Truck; the additional premium will be $17.26; please send us certified check or postal money order in this amount, and we will issue the endorsement and notify the Bureau. Plaintiff introduced a copy of this letter sent to Lenoir Insurance Agency in evidence. This copy shows this notation: "CC   N. C. Automobile Assigned Risk Plan, Raleigh Building, Raleigh, North Carolina."

Plaintiff has offered no evidence that Willard W. Walker paid the additional premium of $17.26, and plaintiff's evidence affirmatively shows that defendant never issued an endorsement to the policy to cover the 1951 Ford Pick-up Truck, that insurance on the 1940 Ford Coupe was not cancelled until 13 March 1952, when by endorsement the coverage was extended to a 1950 Ford Tudor Sedan, and that no 1951 Ford Pick-up Truck was ever insured under the policy. The only reasonable inference from the evidence is that Walker never paid the additional premium, for if he had, the defendant would have issued the endorsement. Under the Motor Vehicle Safety and Financial Responsibility Act of 1947 the defendant was not required to grant insurance coverage for the 1951 Ford Pick-up Truck, until it had received payment of the additional premiums required, when demanded. G.S. 20-276; *Graham v. Ins. Co.,* 240 N.C. 458, 82 S.E. 2d 381. The payment of premiums is of the essence of a contract of insurance, and is a *sine qua non* to the successful operation of an insurance company. *Allen v. Ins. Co.,* 215 N.C. 70, 1 S.E. 2d 94.

Plaintiff contends that notice to the insurer by the insured, in apt time, of a newly acquired automobile is sufficient for insurance coverage under the policy on such newly acquired automobile. Such contention is unsound, because it ignores the policy provision that the insured shall pay any additional premium required because of the application of the insurance to such automobile.

Plaintiff further contends that the defendant "after due and timely notice, waived its right to deny liability under the policy by estoppel or operation of law." No question of waiver or estoppel is presented for decision, for the reason that plaintiff has not pleaded waiver or estoppel, though he had an opportunity to do so, and no facts constituting a waiver or estoppel appear in the pleadings. *Wright v. Ins. Co.,* 244 N.C. 361, 93 S.E. 2d 438. Even if plaintiff had pleaded waiver or estoppel, there is no evidence to support either plea. In *Green v. P. O. S. of A.,* 242 N.C. 78, 87 S.E. 2d 14, this Court said: " 'There can be no waiver unless so intended by one party and so understood by the other, or unless one party has so acted as to mislead the other.' 2 Herman on Estoppel, Sec. 825." In *Shean v. U. S. Fidelity & Guaranty Co.,* 263 Mich. 535, 248 N.W. 892, 894, it is written: "There can be no estoppel unless a party is misled to his prejudice by the one against whom it is set up." Defendant waived none of its rights under the policy as to Willard W. Walker, and did not mislead Walker into the belief that his insurance had been transferred to his 1951 Ford Pick-up Truck. In fact, defendant, by its letter of 12 June 1951, stated definitely to Walker that it would not issue an endorsement covering the truck and notify the Department of Motor Vehicles, until the additional premium of $17.26 was paid.

"The insurer may always set up against the injured party the defenses which it may have set up against the insured." *Sheeren v. Gulf Ins. Co. of Dallas, Tex.,* (L. App.), 174 So. 380. The act of the Department of Motor Vehicles in registering the 1951 Ford Pick-up Truck in Walker's name without receiving a written certificate of an insurance carrier that such truck was covered by a motor vehicle liability policy, or without proof that a satisfactory bond had been executed, or that an adequate deposit of cash or securities had been made, or that self-insurance certificates have been filed, in violation of G.S. 20-252(b), cannot impair any defenses of the defendant. *Graham v. Ins. Co., supra.* The defendant did not authorize or permit Walker or any one else to operate the 1951 Ford Pick-up Truck on the highways. Defendant has not waived any of its rights under the policy as regards the plaintiff, and has not misled him to his prejudice.

In *Dobranski v. Lincoln Mut. Casualty Co.,* 275 Mich. 1, 265 N.W. 507, headnote 5 in the N. W. Reporter correctly states the decision of the Court: "Insurer *held* not estopped to refuse to reform automobile liability policy to cover new automobile purchased by insured by retention of premium payments made for balance of year under old policy, where insurer had refused to transfer old insurance to new automobile or to write new policy for less than one year before payments were made."

There is attached to Policy LA 512462 an endorsement entitled "Use of Other Automobiles—Broad Form." Plaintiff, in his brief, states the questions presented for our decision, and in these questions no reference is made to this endorsement. Nowhere in his brief does he refer to or mention this endorsement. There is neither allegation nor proof that Clara Oakes Wilson Smith was the wife of Willard W. Walker, or a relative of and a resident of his household, or a part owner of the 1951 Ford Pick-up Truck, etc. It would seem that this endorsement by its express terms has no application to the facts of the instant case.

We are advertent to the fact that G.S. 20-225 states that it is the legislative intent that the 1947 Motor Vehicle Safety and Financial Responsibility Act shall "be liberally construed" so as to effectuate its purposes, as far as legally and practically possible. However, we cannot hold, by reason of the Act, there is created in favor of the plaintiff, an injured party, a right to recover from the insurer upon a policy that had never attached to and covered the 1951 Ford Pick-up Truck involved in the collision in which he was injured. To hold otherwise, would permit plaintiff to recover from the insurer under circumstances not covered by the policy. *Graham v. Ins. Co., supra; Howell v. Indemnity Co., supra; Sheeren v. Gulf Ins. Co. of Dallas, Tex., supra; Black v. Dunn,* (La. App.), 46 So. 2d 625; *Aetna Casualty & Surety Co. v. Chapman,* 240 Ala. 599, 200 So. 425; *Hobbs-Western Co. v.*

*Employers' Liability Assur. Corp.*, (1939; CCA 8th) 102 F. 2d 32; Anno. 34 A.L.R. 2d 938. See *Merchants Mut. Casualty Co. v. Lambert*, 90 N.H. 507, 11 A. 2d 361, 127 A.L.R. 483, for the second headnote in A.L.R. The question here is not whether the defendant terminated or not its policy, when notified that Walker had traded his 1940 Ford Coupe for a 1951 Ford Pick-up Truck, or whether or not it kept the premium paid for the policy to cover his 1940 Ford Coupe when insured, but whether the 1951 Ford Pick-up Truck was covered by the policy. It was not necessary for defendant to terminate the policy, or to return the premium paid when the policy was issued to cover his 1940 Ford Coupe to preclude recovery against it for a loss not covered by its policy. See *Sheeren v. Gulf Ins. Co. of Dallas, Tex., supra.*

We conclude that plaintiff's evidence affirmatively shows that there was no coverage under the policy on the 1951 Ford Pick-up Truck, that there was no waiver or estoppel under which the insurer may be held liable, and that the lower court erred in overruling the defendant's motion for judgment of nonsuit.

Reversed.